```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MANUEL L. PACHECO,

                Petitioner,                MEMORANDUM & ORDER
                                           10-CV-4180 (JS)
        -against-

HAROLD GRAHAM,

                Respondent.
----------------------------------------X
APPEARANCES:
For Petitioner:     Manuel L. Pacheco, pro se
                    Prisoner No. 04 A 1923
                    Auburn Correctional Facility
                    P.O. Box 618
                    Auburn, NY 13024

For Respondent:     No appearances.

SEYBERT, District Judge:
```

      Manuel L. Pacheco, pro se, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing Mr. Pacheco's Petition, the Court ORDERS Mr. Pacheco to SHOW CAUSE why it should not sua sponte deny his Petition as time-barred.

## BACKGROUND

      On March 26, 2004, Mr. Pacheco was convicted of murder in the second degree. Petition at p. 1. On March 13, 2007, the New York Supreme Court, Appellate Division, Second Department affirmed Mr. Pacheco's conviction. See 38 A.D.3d 686, 832 N.Y.S.2d 248. On June 22, 2007, the New York Court of Appeals denied leave to appeal. See 840 N.Y.S.2d 775 (Table). Mr.

1

Pacheco did not seek a writ of certiorari before the United States Supreme Court. Nor did Mr. Pacheco ever seek post-conviction relief in the New York state court system.

DISCUSSION

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on commencing a federal habeas petition. Typically, the limitations begins running on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). However, the limitations period is tolled during the time while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

Here, the New York Court of Appeals denied Mr. Pacheco's leave to appeal on June 22, 2007. So Mr. Pacheco's conviction became final on September 20, 2007, when the ninety-day period to seek direct review from the United States Supreme Court by way of certiorari expired. See Valverde v. Stinson, 224 F.3d 129, 132 (2d Cir. 2000). Mr. Pacheco did not commence any state court action seeking post-conviction relief. So, he did not toll the limitations period under § 2244(d)(2). It follows then that Mr. Pacheco's time to commence a § 2254 petition expired on September 20, 2008, one year after his time to seek relief in the United States Supreme Court expired. See

§ 2244(d). But Mr. Pacheco did not commence this action until September 1, 2010, nearly two years after the limitations period ended. Thus, Mr. Pacheco's Petition appears to be untimely on its face.

Apparently aware of this procedural bar, Mr. Pacheco argues that his Petition is not untimely because: (1) he was in California until December 2009; (2) he was unable to find help preparing this Petition; and (3) he is actually innocent of the charges. But none of these grounds suffice to render Mr. Pacheco's Petition timely. Mr. Pacheco's presence in another state did not preclude him from filing suit here, or otherwise justify equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (out-of-state incarceration did not toll limitations period). And Mr. Pacheco's ignorance of the law and need to rely on others for "help" in preparing his Petition is similarly insufficient to toll the limitations period. Swanton v. Graham, 07-CV-4113, 2009 WL 1406969, at *5 (E.D.N.Y. May 19, 2009) (collecting cases).

Mr. Pacheco's actual innocence argument is a little more complicated. An actual innocence claim can excuse an untimely habeas filing. See Friedman v. Rehal, __ F.3d __, 2010 WL 3211054, at *7 (2d Cir. Aug. 16, 2010). When faced with an actual innocence claim, the Court must "determine, in each case, whether the petitioner has presented a credible claim of actual

3

innocence before ruling on the legal issues of whether such a showing provides a basis for equitable tolling and whether the petitioner must also demonstrate that he or she pursued his or her claim with reasonable diligence." Doe v. Menefee, 391 F.3d 147, 161 (2d Cir. 2004). But, notwithstanding that order of analysis, a habeas petitioner must still show that he pursued his actual innocence claim with reasonable diligence. See, e.g., Barca v. Kirkpatrick, 07-CV-2217, 2010 WL 3528423, at *3 (E.D.N.Y. Sep. 3, 2010); Whitley v. Senkowski, 567 F. Supp. 2d 490, 496 (S.D.N.Y. 2008). Here, Mr. Pacheco's Petition neither presents a credible actual innocence claim nor demonstrates that he pursued that claim with reasonable diligence.

First, to present a credible actual innocence claim, Mr. Pacheco must present "new reliable evidence that demonstrates that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Bower v. Walsh, 703 F. Supp. 2d 204, 222 (E.D.N.Y. 2010) (internal quotations and citations omitted). And it is not enough for Mr. Pacheco to demonstrate his "legal innocence"; he must also show his "factual innocence." Alaouie v. Ercole, 08-CV-3277, 2009 WL 2001741, at *3 (S.D.N.Y. 2009) (internal citations and quotations omitted). Here, however, Mr. Pacheco's Petition presents no evidence at all. Indeed, for his first nine claims, Mr. Pacheco simply represents that he lacks

4

"supporting facts because I don't have my paperwork pertaining to the case." And Mr. Pacheco's remaining claims merely make allegations; they do not present evidence. Generally, these allegations are wholly conclusory, such as Mr. Pacheco's claims that the medical examiner "illegally altered" the victim's medical report and "committed perjury," that an "unknown" individual "told the police department that someone told him that he killed Angela," or that the "police notes" proved that "the police officers were lying and covering up their lies." See Petition at Grounds 10, 11, 13, 14, 19. Furthermore, most of Mr. Pacheco's non-conclusory claims do not, in fact, demonstrate factual innocence – even if Mr. Pacheco could prove them. For example, Mr. Pacheco claims actual innocence based on the trial court's refusal to allow him to exhume the victim's remains to recover a supposedly exculpatory letter he placed in her coffin. See Petition at Ground 18. But quite obviously, a defendant's own exculpatory statements are insufficient to demonstrate factual innocence.

Second, even if Mr. Pacheco could show actual innocence, he has woefully failed to establish that he pursued those actual innocence claims with reasonable diligence. Mr. Pacheco does not credibly or sufficiently explain why he did not raise fifteen of his § 2254 claims on direct appeal, why he did not file any state court collateral attacks on his conviction,

5

or why he waited nearly three years after his direct appeal concluded to commence this action. Thus, even if Mr. Pacheco had set forth a credible actual innocence claim, the present record would still not justify tolling the limitations period on that ground. See, e.g., Barca, 2010 WL 3528423, at *3 (collecting cases); Whitley, 567 F. Supp. 2d at 496.

It follows then that Mr. Pacheco has failed, so far, to show that his Petition was timely filed. However, the Second Circuit has held that a district court "may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." Acosta v. Artuz, 221 F.3d 117, 125 (2d Cir. 2000). So, in accordance with that mandate, the Court gives Mr. Pacheco sixty (60) days from the date of this order to show cause (through papers, exhibits, declarations, and/or affidavits) why it should not sua sponte deny his § 2254 Petition as untimely.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         October 22, 2010